

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 20, 1951

Hon. Robert M. Allen
County Attorney
Rusk County
Henderson, Texas

Opinion No. V-1245

Re: Does a precinct bene-
fit from taxes col-
lected for farm-to-
market roads in pro-
portion to the value
of the county in that
precinct; is a tax-
payer whose only tax-
able property is exempt
from the tax qualified
to vote at the tax

Dear Sir:

election?

        Your request for an opinion relates to a pro-
posed election in Rusk County to levy, assess, and col-
lect ad valorem taxes not to exceed thirty cents on
each One Hundred Dollars valuation for farm-to-market
and lateral roads pursuant to Article 7048a of Vernon's
Civil Statutes and presents for determination two ques-
tions which may be paraphrased as follows:

        1.  Under Section 6 of Article 7048a
would Commissioners' Precinct No. 1 or Rusk
County, which has approximately 80 per cent
of the county valuation, get the benefit of
80 per cent of the taxes collected if this
election carries?

        2.  Under Section 7 of Article 7048a,
would a property owner whose only taxable
property is a residential homestead valued
at less than $3,000 be qualified to vote in
such election, since his property would be
exempt from the tax levied under Article
7048a?

        Article 7048a, V. C. S., provides in part:

        "Sec. 2.  From and after January 1, 1951,
the several counties of the State be and they
are hereby authorized to levy, assess and col-
lect ad valorem taxes upon all property with-

in their respective boundaries for county purposes, except the first Three Thousand Dollars ($3,000) value of residential homesteads, not to exceed thirty cents (30¢) on each One Hundred Dollars ($100) valuation, in addition to all other ad valorem taxes authorized by the Constitution of the State, provided the revenue therefrom shall be used as provided in this Act for the construction and maintenance of Farm-to-Market and Lateral Roads or for Flood Control and for these two (2) purposes only.

"Sec. 6. Both the Farm-to-Market and Lateral Road Fund and the Flood Control Fund shall be expended so as to equitably distribute as nearly as possible the benefits derived from such expenditures to the various Commissioners' precincts in accordance with the taxable values therein.
"

"Sec. 7. Before any county shall levy, assess and collect the tax provided for herein the question shall by the Commissioners Court of the county be submitted to a vote of the qualified property taxpaying voters of such county at an election called for that purpose, either on said Commissioners Courts' own motion, or upon petition of ten per cent (10%) of the qualified property taxpaying voters of said county as shown by the returns of the last general election . . . . ."

Article 6740, V. C. S., is as follows:

"The commissioners court shall see that the road and bridge fund of their county is judiciously and equitably expended on the roads and bridges of their county, and, as nearly as the condition and necessity of the roads will permit, it shall be expended in each county commissioners precinct in proportion to the amount collected in such precinct. Money used in building permanent roads shall first be used only on first or second-class roads, and on those which shall have the right of way furnished free of cost to make as straight a road as is practicable and having the greatest bonus offered by the citizens of money, labor or other property."

In Stovall v. Shivers, 129 Tex. 256, 103 S. W. 2d 363, 366, 367 (1937), it was held that there is nothing in Article 6740 "which compels the commissioners court to divide the road and bridge fund according to any fixed mathematical formula, and apportion same in advance for the purpose of being expended in any given precinct." The court further stated:

"... the commissioners court must give effect to said article 6740 except when the necessities of the roads and bridges require a departure from it. That article requires that the road and bridge funds of all counties shall be judiciously and equitably expended. It further requires that such funds shall, as nearly as the condition and necessity of the roads will permit, be expended in each commissioners precinct in proportion to the amount collected in such precinct. The dominant purpose of this statute seems to be to require that the road and bridge fund shall be expended in each commissioners precinct in proportion to the amount collected therein. In this regard, the statute means that each precinct shall prima facie be entitle to its own funds, and in the absence of any reasons to the contrary they should be so divided and expended. However, the duty to expend the funds in the proportion above mentioned is not an absolutely inflexible one. This is evident from the fact that the dominant purpose of the statute is qualified to the extent that the court by clear implication is given the right to expend the road and bridge fund in a proportion other than in the proportion in which they are collected when the conditions of the roads in the respective precincts creates a necessity so to do. We think, however, that the requirement to expend the fund in the proportion mentioned cannot be avoided except in cases or conditions of necessity. Of course, the commissioners court has the right to exercise its sound judgment in determining the necessity, but it cannot act arbitrarily in regard to such matter."

Also see Garland v. Sanders, 114 S. W. 2d 302 (Tex. Civ. App. 1938, error dism.), and Atty' Gen. Op. 0-1091 (1939).

Section 6 of Article 7048a directs that the taxes collected for farm-to-market and lateral road purposes shall be expended so as to equitably distribute benefits as nearly as possible to the various precincts in accordance with the taxable values therein. Therefore, in answer to your first question, it is our opinion that Precinct No. 1 would be entitled to the amount of taxes collected therein for farm-to-market and lateral road purposes if the commissioners' court in the exercise of its discretion determines that the need in Precinct No. 1 requires that taxes so collected be expended in the precinct.

Passing to your second question, Section 2 of Article 7048a provides for a $3,000.00 exemption on residential homesteads. In Attorney General's Opinion V-1144 (1951), it was stated that "the $3,000 residence homestead exemption provided in Section 1-a, Article VIII, Constitution of Texas, applies to such county taxes as may be levied for farm-to-market roads or for flood control under said constitutional provision, but not to other county taxes."[1]

In other words, the exemption in Section 1-a of Article VIII applies only to a valuation of $3,000 which is confined to county taxes levied for farm-to-market and lateral roads, all other taxes for county purposes not being affected by the exemption. The requirement contained in Section 7 of Article 7048a is that all voters be qualified property taxpaying voters of such county.

You ask whether a voter whose only taxable property is a homestead valued at less than $3,000.00 is a property taxpaying voter within the meaning of the law.

---

1. Article 7048a, V. C. S. (H. B. 107, Acts 51st Leg., R. S. 1949, ch. 464, p. 849), is the enabling legislation which carried into effect the provisions of the constitutional amendment proposed by House Joint Resolution 24, adopted in the 1948 General Election, the same being Section 1-a of Article VIII of the Constitution of Texas. Both provide a $3,000.00 exemption.

There is no requirement that the taxes must be actually paid, but is is only required that such qualified electors own taxable property which has been duly rendered for taxation. Tex. Const. Art. VI. Sec, 3a; Campbell v. Wright, 95 S. W. 2d 149 (Tex. Civ. App. 1936).

In Texas Public Utilities Corp. v. Holland, 123 S. W. 2d 1028, 1034 (Tex. Civ. App. 1938, error dism.), the court said:

"The point before us turns upon the question of whether or not property has been rendered for taxation, when it has been placed upon the rolls by the assessor under the provisions of law named, when the owner has for any cause failed to make the list, swear to it and furnish it to the assessor. This is true because Art. 2955a, above quoted, provides as a requisite to voting in such elections as the one before us, that only qualified voters who own property in the described district, who have duly rendered the same for taxation, shall participate.

"If the assessment made by the assessor is a legal rendition in point of law, then the spirit of the statute has been met and he should be allowed to vote, otherwise he should not. We believe that since either means of forming a basis for the enforcement of the collection of the tax against the owner and his property accomplished the same result, the permission by the owner for the assessor to make the assessment as provided by law, is equivalent to a rendition by him, by means of the statutory provisions first given. We therefore hold that so much of the statutory provisions which prescribe how property shall be rendered for taxes by the owner, by listing, swearing to it and furnishing to the assessor, is directory; it carries with it no penalty for having failed, and provides another legal means for collecting the tax, when he does fail. If we are correct in these conclusions, the owner has 'duly rendered' his property for taxes when it is placed on the rolls by the assessor in a legal manner, with the implied permission of the owner, in preference to some other means provided."

Section 3a of Article VI, Constitution of Texas, provides:

"When an election is held by any county ....for the purpose of issuing bonds or otherwise lending credit, or expending money or assuming any debt, only qualified electors who own taxable property in the . . . . county . . . where such election is held, and who have duly rendered the same for taxation, shall be qualified to vote . . ."

The Constitution itself defines the qualifications of a legal voter and the Legislature is without power to restrict or extend these requirements. Ramsey v. Wilhelm, 52 S. W. 2d 757 (Tex. Civ. App. 1932, error ref.); Cameron v. Connally, 117 Tex. 159, 299 S. W. 221 (1927).

The question, then, is narrowed to a determination of whether Section 3a of Article VI requires that the voter own property which would be subject to the tax imposed as a result of a favorable vote at the election.

Section 3a of Article VI prescribes general qualifications for voters in an election for "expending money". The applicability of these constitutional qualifications is not dependent upon a direct liability of the taxpayer to pay a portion of the money to be expended. In City of Richmond v. Allred, 123 Tex. 365, 71 S. W. 2d 233 (1934), the question voted on was the issuance of revenue bonds, for the discharge of which no tax was to be levied against the taxpayers' property. The court held, nevertheless, that only those voters who were qualified under Section 3a of Article VI were eligible to vote in the election. Also see Campbell v. Wright and Texas Public Utilities Corp. v. Holland, supra.

From these cases it is seen that the applicability of these constitutional qualifications is not restricted to elections at which the question voted on is the levying of a tax on property. Conversely, we think the Constitution does not restrict the qualified voters in an election at which the question voted on is the levying of a tax to those taxpayers who would incur a liability for payment of the tax. The owner of a residential homestead valued at less than $3,000, while exempted from the payment of any tax imposed as a result

of this election, is liable for other county taxes. We are of the opinion that he "owns taxable property in the county" within the meaning of Section 3a of Article VI.

The Constitution does not require that the taxes be actually paid. It requires only that the elector own taxable property which has been duly rendered for taxation. Campbell v. Wright and Texas Public Utilities Corp. v. Holland, supra. If the voter owns property which has been duly rendered for county taxation, he meets the constitutional requirement and is entitled to vote in an election to determine if a tax for farm-to-market and lateral roads should be levied.

### SUMMARY

A county precinct would be entitled to the amount of taxes collected therein for farm-to-market and lateral roads if the commissioners' court, in the exercise of its sound discretion, determines that the need for road improvement in that particular precinct requires the expenditure of the taxes collected therein. Stovall v. Shivers, 129 Tex. 256, 103 S. W. 2d 363 (1937); Art. 7048a, Sec. 6, V. C. S.

A property owner whose only taxable property is a residential homestead valued at less than $3,000.00 would be qualified to vote in an election to determine if a tax should be levied and collected for farm-to-market and lateral roads, Texas Public Utilities Corp. v. Holland 123 S. W. 2d 1028 (Tex. Civ. App. 1938, error dism.); Campbell v. Wright, 95 S. W. 2d 149 (Tex. Civ. App. 1936).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Waldrep
Assistant

RW:mw:wb:wb